FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA 2009 MAR -5  P 3: 16

UNITED STATES OF AMERICA

VERSUS

KEISHA U. FRANKLIN

CIVIL ACTION

NO. 08-731-JVP-SCR

## RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the court on a motion for summary judgment by plaintiff, United States of America (doc. 6).  Defendant, Keisha U. Franklin, has filed no opposition to the motion.  Jurisdiction is based on 28 U.S.C. §§ 1331 and 1345, and 31 U.S.C. § 3730(a).  There is no need for oral argument and the matter is now submitted.

## FACTS AND PROCEDURAL HISTORY

On November 7, 2008, plaintiff, United States of America, filed this civil action against defendant, Keisha U. Franklin, to recover treble damages and penalties under the False Claims Act, 31 U.S.C. § 3729(a)(1) and (2).  The complaint alleges that, on or about September 12, 2005, in the aftermath of Hurricane Katrina, defendant knowingly submitted a fraudulent application to the Federal Emergency Management Agency ("FEMA") seeking disaster relief benefits and falsely claiming that her home and personal property were damaged by Hurricane Katrina, causing her to have an essential need for food, clothing and shelter (complaint, ¶ 13).  The

1

complaint further alleges that FEMA disbursed $2000 by check to Franklin at an address on Maryland Avenue in Port Allen, Louisiana, and Franklin cashed the check at a local store (complaint, ¶ 14).

As required by Uniform Local Rule 56.1, plaintiff has submitted a statement of facts that it claims are material to the motion before the court. Because defendant has not controverted any of the material facts set forth in that statement, those facts are deemed admitted for the purposes of the motion as provided by Uniform Local Rule 56.2.[1] They are as follows:

1.    Defendant, Keisha U. Franklin, pled guilty to violating 18 U.S.C. §247[2] (making a false claim) and was sentenced by this court in Criminal Action No. 07-73-JVP-SCR, entitled "United States of America v. Keisha U. Franklin."

2.    The false claim to which Franklin pled guilty and of which she was convicted in Criminal Action No. 07-146-JVP-SCR is the identical false claim at issue in the instant civil proceeding.

---

[1]LR56.2 provides:

Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

[2]The statement of material facts submitted by plaintiff contains a typographical error insofar as it states that defendant was convicted of violating 18 U.S.C. § 247. The plea agreement and judgment in Criminal Action No. 07-73-JVP-SCR (complaint, Exs. B & C, respectively) establish that defendant actually pled guilty to, and was convicted of, violating 18 U.S.C. § 287 (making a false claim). Whether, as here, the typographical error is corrected to reflect the intended statute, or the applicable statute is established by the admission on file, the result is the same–defendant has admitted to, and been convicted of, violating 18 U.S.C. § 287.

3.    The loss to FEMA as a result of Franklin's false claim was $2,000.

4.    In sentencing Franklin in the criminal action, this court ordered Franklin to make full restitution to FEMA.

5.    As of the date of filing of the United States's motion for summary judgment, Franklin had made no payments against the restitution.

6.    Franklin's March, 2006 admission to the Hurricane Katrina Fraud Task Force agents that she had submitted the false claim occurred after Franklin was made aware of the existence of the criminal investigation into her conduct.    Additionally, the information Franklin provided to federal agents regarding the false claim was not provided within 30 days of her submission of the false claim.

(Doc. 6-6).

## LAW AND DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113, F.3d 528 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v.*

3

*Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202

(1986).

31 U.S.C. § 3729 provides in pertinent part:

> (a) Any person who
>> (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval; [or]
>> (2) knowingly makes, uses, or causes to be used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;
>> * * *
> is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person, except that if the court finds that - -
>> (A) the person committing the violation of this subsection furnished officials of the United States responsible for investigating false claims violations with all information known to such person about the violation within 30 days after the date on which the defendant first obtained the information;
>> (B) such person fully cooperated with any Government investigation of such violation; and
>> (C) at the time such person furnished the United States with the information about the violation, no criminal prosecution, civil action, or administrative action had commenced under this title with respect to such violation and the person did not have actual knowledge of the existence of an investigation into such violation;
> the court may assess not less than 2 times the amount of damages which the Government sustains because of the acts of the person. A person violating this subsection shall also be liable to the United States Government for the

4

costs of a civil action brought to recover such penalty or
damages.

31 U.S.C. § 3729(a).[3]

To establish a violation of the False Claims Act, the United States must
demonstrate, by a preponderance of the evidence, that the defendant possessed
guilty knowledge or guilty intent to cheat the government. *U.S. v. Thomas*, 709 F.2d
968, 971-72 (5th Cir. 1983).[4] The undisputed facts of this case establish that: (1) the
United States sustained $2,000 in damages as a result of defendant's knowing
presentation of a fraudulent claim to FEMA; (2) more than thirty days passed
between defendant's submission of the claim to FEMA and her admission that the
claim was fraudulent; and, (3) defendant has made no payments toward restitution.

The court therefore concludes that there is no genuine issue as to any
material fact and defendant is liable to the United States Government, under 31
U.S.C. § 3729(a), for a civil penalty of not less than $5,500 and not more than

---

[3]The mandatory civil penalty imposed by 31 U.S.C. § 3729(a) has been increased from a
range of $5,000-$10,000 to a range of $5,500-$11,000 by 28 C.F.R. § 85.3 as per the inflation
adjustment procedures prescribed in section 5 of the Federal Civil Monetary Penalties Inflation
Adjustment Act of 1990, Pub.L. 101-410.

[4]31 U.S.C. § 3729(b) provides that:
    For purposes of this section, the terms "knowing" and "knowingly"
    mean that a person, with respect to information- -
        (1) has actual knowledge of the information;
        (2) acts in deliberate ignorance of the truth and falsity of the
        information; or
        (3) acts in reckless disregard of the truth or falsity of the
        information,
    and no proof of specific intent to defraud is required."

$11,000, plus 3 times the amount of damages sustained by the government as a result of her fraudulent application for benefits.

## CONCLUSION

Accordingly, the motion by plaintiff, United States of America, for summary judgment (doc. 6) is hereby **GRANTED**.  Judgment shall be entered in favor of the United States of America and against defendant, Keisha U. Franklin, in the amount of $11,500.00.  This amount reflects $6,000.00 in treble damages and $5,500.00 in civil penalties pursuant to 18 U.S.C. § 3729(a).  This award shall not be in addition to the criminal restitution Keisha U. Franklin has already been ordered to pay, and any amounts paid shall be credited as satisfying both the civil and criminal monetary amounts.  18 U.S.C. § 3664(j)(2).

Baton Rouge, Louisiana, March 4th 2009.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

6